BRUNOT, J.
 

 R. L. Hill and his wife, Mrs. H. A. Hill, executed a deed to the Griffith Company, a commercial partnership, to all cypress timber suitable for cross-ties and piling and all gum timber suitable for cross-ties and saw logs, upon about 600 acres of land composed of several tracts which are described in the deed, together with the right of ingress and egress on said described property for the term of five years from August 24, 1922.
 

 The consideration was $1,000 cash, the receipt of which was acknowledged, and, when cut, a' fixed price per lineal foot for all piling, a fixed price, according to grade, for all cypress ties, and a fixed price for all grade gum ties and gum logs. In the execution of the deed, the Griffith Company was represented by T. E. Cleveland. In this connection we will say that defendant’s contention that Cleveland was not the duly authorized agent of the Griffith Company is without merit, for that company accepted the title and otherwise fully ratified Cleveland’s acts.
 

 A short time after the execution of this deed, the Griffith Company conveyed all of its rights under said contract to T. E. Cleveland. The latter immediately began cutting the timber and working it into cross-ties and piling. This work continued uninterrupted from September 20, 1922, to December 16, 1922, when the defendants, by threats of violence, prevented him from entering upon the property, and thereby caused him to discontinue his cutting operations. He thereupon filed a petition in the Thirteenth judicial district court, in which all of the facts are set forth, and that court ordered the issuance of an "injunction, upon bond being furnished for $4,000, conditioned according to law, restraining the defendants from interfering with him or with his agents, servants, or employees in cutting or removing the timber from defendants’ land, or from interfering, in any manner, with the exercise of his right of ingress and egress upon said land, for the purpose of cutting and hauling the timber therefrom. The injunction issued December 16, 1922. The defendants did not answer the suit until October 8, 1924, and plaintiff continued to operate, under the injunction, from .the date of its issuance to January 20, 1925, the date of the judgment herein, from which only a devolutive appeal was taken.
 

 The answer of defendants puts at issue all of the material averments of the petition upon which plaintiff’s demands are based. It alleges that the instrument under which plaintiff claims is a nudum pactum, and void for want of consideration and mutuality of contract, and, as plaintiffs in reconvention, defendants allege damages, and the necessity for the issuance of a preliminary injunction to protect their rights. The prayer is for á judgment dissolving the writ of injunction sued out by plaintiff, with damages, rejecting plaintiff’s demands, and dismissing the suit
 
 *727
 
 at his cost, and for judgment in reconvention, against the plaintiff for $2,500 damages because of the wrongful issuance of the injunction and waste committed under cover of it, for a rule to show cause why a preliminary injunction should not issue, restraining plaintiff from going upon defendant’s land, or from cutting or removing timber therefrom, for a restraining order pending a hearing on the rule, and, after trial, that the preliminary injunction be made permanent.
 

 Plaintiffs filed an exception of no cause of action and a plea of estoppel to the defendant’s reconventional demand.
 

 . Pending the trial of the case, Mrs. A. H. Hill died testate. She bequeathed all of hex-property to her husband, the codefendant, R. L. Hill, who was, by proper proceedings, substituted as the sole defendant and plaintiff in reconvention herein.
 

 The trial resulted in a judgment overruling plaintiff’s exception of no cause of action and plea of estoppel, dissolving the injunction sued out by the plaintiff in 1922, decreeing the contract upon which plaintiff’s demands are based a nudum pactum and void from the date of service of defendant’s answer upon the plaintiff, awarding defendant, as plaintiff in x-econvention, $900 as damages, with legal interest thereon from date, and enjoining the plaintiff from any further operations upon or from any further cutting of timber on defendant’s land. Prom this judgment the plaintiff appealed. The defendant has answered the appeal, and prays that the judgment be amended by increasing the sum awarded as damages to $2,486.22, and, as thus amended, that it be affirmed.
 

 We have read the record carefully, and find that a preponderance of the oral testimony shows that plaintiff cut and worked the timber in the normal and customary way. The trial judge doubtless knew the witnesses, and observed them while testifying. Pox- these reasons his appreciation of their credibility and of the weight to be given their testimony is, necessarily, more accurate than the conclusions of an appellate judge on the facts of the case. Figuratively speaking, it may be said that the trial judge sees and follows the movements of the performer and hears the rendition of the music, while the appellate judge has before him only a sheet of musical notes.
 

 A mere reading of the judgment in connection with the items of damage enumerated in defendant’s reconventional demand leaves no doubt in our minds that the trial judge resolved the facts against the defendant, as plaintiff in reconvention, on all .of said items except the one for depreciation of 300,000 feet of remaining timber at $3 per thousand. He doubtless found, as we do, that the time of the alleged wasteful cutting of the timber is left too. uncertain and indefinite upon which to base a judgment for any sum. Recovery can be had for causes such as this only when it is made to appear that the damages complained of were done within one yeax- preceding the demand for them.
 

 With reference to the items of damage caused by the alleged improper and wasteful working of timber and timber cut down and left unworked, we are impressed with the fact that, in addition to the preponderance of the oral testimony on this point to the effect that the cutting was normal and was done in the customax-y way, it is shown that the defendant had full knowledge of the manner in which the cutting was done, that he was on the ground during the cutting, and, that he hammered the ties after they were cut, and inspected them before they were sold.
 

 It is also shown that his first serious complaint relative to the cutting and working of the timber, and leaving cut timber unworked, was made about or a short time preceding the filing of the answer and reconventional demand in this suit.
 

 
 *729
 
 A careful reading of defendant’s reconventional demand and of the testimony in the record pertaining thereto leaves no doubt in our minds that the only item of damage which the trial judge found to be established by proof sufficient to base a judgment upon was $900, the estimated depreciation of 300,-■000 feet of remaining uncut timber, and it was for this item that judgment was rendered in favor of plaintiff in reconvention. We find -that the plaintiff in reconvention made no demand for damage to the remaining timber, and that the testimony offered to establish that fact was admitted over the plaintiff’s objection. It is obvious that the judgment on the reconventional demand must be reversed.
 

 We also think that the trial judge erred in holding that the timber deed to the Griffith Company contained a potestative condition, .and was void for lack of mutuality. It is our opinion that the Griffith Company were licensees. The Griffith Company paid defendants $1,000 for the ’ exclusive privilege, for five years, to cut the timber on the lands described in the contract. As the timber was ■cut, it was to be paid for at the prices and in -the manner fixed in the contract. The Griffith Company operated under the contract for a short time, and then transferred all of its rights thereunder to the plaintiff. It is our opinion that.the case of Blackshear v. Hood, 120 La. 966, 45 So. 957, and the cited authorities holding that a potestative condition on the part of the debtor vitiates the agreement, do not apply to the particular facts of this case, but that the well-recogmized principle stated in 21 C. J. par. 211, p. 1209, must be followed.
 

 The conclusion we have reached obviates the necessity of passing directly upon plaintiff’s plea of estoppel. The term of the contract has expired, but such rights as plaintiff has thereunder should be confirmed. Eor the reasons stated, it is decreed that the judgment appealed from be, and it is hereby, avoided, and that all rights of the plaintiff under the contract, as assignee thereof, he recognized and confirmed; the defendant to pay the cost of appeal.